Iqbal SINGH, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 07–73700.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 15, 2008.

Pardeep S. Grewal, Esquire, Law Offices of Pardeep S. Grewal, Castro Valley, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Wws–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Mark Christopher Walters, Esquire, Julie M. Iversen, Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, McKEOWN and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order de-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

nying petitioner's motion to reopen removal proceedings.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008).

An alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Because petitioner's motion to reopen was filed beyond the 90–day deadline, the BIA did not abuse its discretion in denying petitioner's untimely motion to reopen. *See id.*

Furthermore, the BIA did not abuse its discretion in finding that petitioner did not qualify for an exception to the timeliness requirement based upon changed circumstances in India because petitioner failed to establish his prima facie eligibility for the relief sought.

We have reviewed the record and the opening brief and we grant respondent's unopposed motion for summary disposition because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**